```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GE BUSINESS FINANCIAL SERVICES INC. f/k/a MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., | HON. JEROME B. SIMANDLE<br><br>Civil No. 10-2279 (JBS/KMW) |
| Plaintiff, | **OPINION** |
| v. | |
| GROVE STREET REALTY URBAN RENEWAL, L.L.C., et al., | |
| Defendants. | |

APPEARANCES:

Andrew J. Soven, Esq.
Donna Marie Bates, Esq.
Jennifer Purnell Knox, Esq.
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
     Counsel for Plaintiff

Albert A. Ciardi, III, Esq.
Jennifer E. Cranston, Esq.
CIARDI CIARDI & ASTIN PC
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
     Counsel for Defendant Grove Street

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

     This matter arises out of a commercial loan agreement for the construction of a residential apartment complex in West Deptford Township, New Jersey.  In October of 2007, Plaintiff GE

Business Financial Services Inc. ("GEBFS"), then operating under the name Merrill Lynch Business Financial Services, entered into a commercial loan agreement with Defendant Grove Street Urban Renewal ("Grove Street") which was secured by a mortgage. Plaintiff now seeks to recover on the loan and to foreclose the mortgage on certain property (a residential apartment complex). Currently before the Court is Plaintiff's motion for summary judgment as to Defendant's liability for the full loan amount and for foreclosure on the mortgage.  [Docket Item 30.]  The principal issues at stake in this motion are (1) whether Plaintiff's name change from Merrill Lynch Business Financial Services to GE Business Financial Services bars Plaintiff from recovery, and (2) whether Defendant can point to a dispute of fact that Plaintiff breached the implied covenant of good faith and fair dealing.  As explained below, the Court will grant Plaintiff's motion for summary judgment.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

On October 16, 2007, Plaintiff (operating as Merrill Lynch Business Financial Services Inc.) entered into a loan agreement with Defendant Grove Street providing a loan in the amount up to $32,328,683 for the construction of two residential apartment buildings to be located in West Deptford, New Jersey.  Poskus Aff. ¶ 7(a).  These apartment buildings, called the "RiverWinds

Apartments" were designated for age-restricted residents (for adults over age 55).  Id. ¶ 9.  Defendant signed two promissory notes (Note A and Note B), securing an obligation to repay the loan.  Id. ¶ 7(b),(c).  Additionally, Plaintiff secured the loan by a mortgage granting Plaintiff a first priority lien in the Rivercove property (the "property" or "Rivercove"), recorded, also, on October 16, 2007.  Id. ¶ 8.  The loan agreement specified that all principal and interest due under the loan was due to be paid in full by April 30, 2010.  Id. ¶ 11.  Defendant did not pay off all amounts owed as of the date of maturity, nor has it since; as of August 9, 2011, the amount owed under Notes A and B amounted to $34,574,558.  Id. ¶ 12.  Consequently, Plaintiff filed this action to recover amounts owed on May 5, 2010. [Docket Item 1.]

   Shortly after Plaintiff commenced this action, Defendant filed for Chapter 11 bankruptcy protection, and an automatic stay was entered in this action.  [Docket Item 7.]  On May 25, 2011, the Bankruptcy Court entered an order granting GEBFS relief from the automatic bankruptcy stay.  [Docket Item 11.]  Indeed, Plaintiff reports to the Court that on July 29, 2011, the Bankruptcy Court of the District of New Jersey dismissed Defendant's bankruptcy case in its entirety.  [Docket Item 25.]

   While this case was stayed pursuant to the bankruptcy proceeding, on August 13, 2010, Plaintiff filed a separate action

3

in the United States District Court for the Northern District of Illinois against Thomas E. Hedenberg and Ray H. Tresch.  See GE Business Financial Svcs., Inc. v. Hedenberg, Civ. No. 10-5094, 2011 WL 1337105 (N.D. Ill. Apr. 7, 2011).  The Illinois action sought a judgment against Hedenberg and Tresch for the amounts due on the loan pursuant to a loan guarantee they signed in conjunction with the loan agreement that is the subject of this instant action.  Hedenberg and Tresch are Defendant Grove Street's managing members.  Hedenberg Cert. ¶ 1.  The District Court for the Northern District of Illinois granted GEBFS's motion for summary judgment on April 7, 2011.  GEBFS v. Hedenberg, 2011 WL 1337105 at *5.

On June 30, 2011, Plaintiff moved to appoint a receiver for the apartment complex. [Docket Item 17.]  After hearing oral argument on the motion, the Court granted Plaintiff's motion and appointed Trigild Incorporated as receiver on August 16, 2011. [Docket Item 33.]  Meanwhile, on August 12, 2011, Plaintiff moved for summary judgment.  After receiving opposition and reply briefs from the Parties, the Court held oral argument on the instant motion on September 21, 2011.

### III. DISCUSSION

#### A. Standard of Review

Summary judgment is appropriate "if the movant shows that

4

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact. Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

> [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 323.

5

However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

### B. Plaintiff's Prima Facie Case

Plaintiff argues, without opposition by Defendant, that no material dispute of fact exists with regard to Plaintiff's prima facie right to recover on the loan agreement and to foreclosure on the mortgage.  Plaintiff's motion specifically seeks summary judgment as to Plaintiff's claim of breach of contract in the form of the loan agreement as well as of foreclosure of the mortgage (Counts I and II of the Amended Complaint).  Additionally, Plaintiff seeks summary judgment as to Count III of the Amended Complaint, which states a demand for possession of the subject property in accordance with the terms of the mortgage agreement.

With regard to foreclosure, Plaintiff argues that under New Jersey law, a plaintiff need only establish execution, recording, and nonpayment of a mortgage sought to be foreclosed to be entitled to relief.  Thorpe v. Floremoore, 20 N.J. Super. 34, 37 (App. Div. 1952).  Plaintiff has adduced uncontested evidence establishing all of these elements.  Poskus Aff. ¶¶ 7-13.

As to Plaintiff's argument in favor of summary judgment of the loan agreement, the Court similarly finds that Plaintiff has

indicated an absence of dispute with regard to all the necessary elements of breach of contract. See Sery v. Federal Bus. Ctrs., Inc., 616 F. Supp. 2d 496, 507 (D.N.J. 2008) (holding that party asserting breach of contract must prove that a valid agreement existed, material breach of the terms of the agreement, and damages suffered as a result of the breach) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 421 F. Supp. 2d 831, 833 (D.N.J. 2006)).  Plaintiff cites uncontested evidence in the record establishing all of these elements, and Defendant does not argue that a dispute of fact exists with regard to any of these elements.

Defendant's only argument contesting Plaintiff's evidence is that Poskus[1] does not have sufficient personal knowledge of the facts contained within her Affidavit.  This argument is unpersuasive, as Poskus states that she attests to facts "of [her] own personal knowledge and could, if called as a witness, testify competently to each of the facts set forth herein" and also that as part of her "Portfolio Manager responsibilities, [she has] personal knowledge of the loan files maintained by GEBFS with respect to Grove Street Realty Urban Renewal, LLC".

The Court therefore finds that Plaintiff has indicated an absence of dispute of fact on the record regarding the prima

---

[1] Defendant incorrectly refers to Affiant Julia Poskus, Portfolio Manager for GEBFS, as "Ms. Carlino" in footnote 1 of its argument.

facie elements of Plaintiff's entitlement to relief under the loan agreement and mortgage.

### C. Collateral Estoppel

Defendant raises in opposition to Plaintiff's motion two primary arguments: (1) that there is a dispute of fact regarding whether Plaintiff is the real party in interest, and (2) that there is a dispute of fact regarding whether Plaintiff breached the implied covenant of good faith and fair dealing through its conduct prior to the loan reaching maturity.  Plaintiff argues that both of these defenses are barred by the doctrine of collateral estoppel because Defendant's managing members, Hedenberg and Tresch, made identical arguments in the Illinois action, and the District Court for the Northern District of Illinois rejected the arguments in granting Plaintiff's action for summary judgment in that action.

Collateral estoppel "prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." Wolstein v. Docteroff, 133 F.3d 210, 214 (3d Cir. 1997).

> For a party to be estopped from relitigating an issue, the following elements must be present: (1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

Id.

Additionally, "there is generally a bar against applying collateral estoppel to those who were not parties in the prior litigation." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009).  However, the exception to this general rule is when the nonparty (in this case, Grove Street) is in privity with one of the parties to the original suit (in this case, Grove Street's managing members Hedenberg and Tresch).

Plaintiff argues that because Hedenberg and Tresch were parties to the Illinois action, collateral estoppel is appropriate here.  Plaintiff argues that the factors for determining whether privity exists all favor finding privity and applying collateral estoppel.  The factors, as articulated by the Third Circuit, citing recent Supreme Court precedent, include the following:

> 1) the nonparty agrees to be bound by the determination of issues in an action between others;
> 2) a substantive legal relationship-i.e. traditional privity-exists that binds the nonparty;
> 3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party";
> 4) the nonparty assumes control over the litigation in which the judgment is rendered;
> 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and,
> 6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

9

Id. at 312-13 (quoting Taylor v. Sturgell, 553 U.S. 880, 895 (2008). Plaintiff points, as evidence of Defendant Grove Street's legal relationship and sufficient representation in the Illinois action, to the fact that Defendant Grove Street apparently has such immediate access to the defense materials of Hedenberg and Tresch that Grove Street literally cut and pasted portions of the Hedenberg and Tresch brief into its own, including a footnote that references an affidavit present in the Illinois action but not present in the instant action. See Def.'s Opp. Br. at 4 n.1 (referring to a "Carlino Affidavit" filed in support of Plaintiff's motion, when Plaintiff, instead, submitted only the affidavit of Julia Poskus).

The record is clear that Hedenberg, at least, is adequately in privity with Defendant Grove Street to satisfy these factors. In addition to certifying that he is a managing member of Defendant Grove Street, Hedenberg goes on to certify that he "signed a mortgage Loan Agreement by and between Grove Street and [Plaintiff] Merrill Lynch." Hedenberg Cert. ¶¶ 1, 6. Thus, the Court concludes that Hedenberg had the legal authority to bind Defendant Grove Street via contract, indicating that Hedenberg and Grove Street had a "substantive legal relationship" sufficient to meet the standards of traditional privity as articulated by the Third Circuit in Nationwide. 571 F.3d at 312. The Court concludes, therefore, that as to the issue of whether

Plaintiff GEBFS is the proper Plaintiff in this action, Defendant Grove Street is precluded from asserting the identical defense in the instant action.

As to Defendant's second defense, regarding the implied covenant of good faith and fair dealing, however, the Court finds that the issue should not be precluded because it is not convinced that the identical issue was litigated in the Illinois action.  Defendant Grove Street here argues that the foreclosure action is barred by the New Jersey implied covenant of good faith and fair dealing, whereas the Illinois defendants had asserted the defense pursuant to Illinois law.  Thus, while the issue is similar, the Court finds that Plaintiff has not demonstrated that it is identical as required pursuant to Third Circuit precedent. See Wolstein v. Docteroff, 133 F.3d at 214.

### D.  Plaintiff is the Real Party in Interest

However, even were the Court to find that collateral estoppel is inappropriate on the issue of whether Plaintiff is the proper party in interest, the Court would still find the defense insufficient to prevent the entry of summary judgment in this action.  Looking specifically at Defendant's argument, Defendant argues that a dispute of fact exists over whether GEBFS is the proper plaintiff in this action.  Defendant points to documents appearing to state that the Merrill Lynch entity with which Defendant Grove Street contracted actually "merged" with an

11

entity known as "GE Real Estate" rather than simply changing its name to GEBFS, as Plaintiffs contend. "No mention was made of GE Business Financial Services, Inc. Grove Street was never informed that the plaintiff, GE Business Financial Services, Inc., now holds the Loan." Hedenberg Cert. ¶ 9.

Plaintiff points to undisputed evidence, however, that Plaintiff GEBFS is the same entity as the former Merrill Lynch Business Financial Services. Plaintiff registered a name change with the Delaware Secretary of State in its incorporation documents to GE Business Financial Services from Merrill Lynch Business Financial Services on March 25, 2008. Knox Cert. Ex. I.4. Thus, the Court concludes that there is no dispute of fact in this record that Plaintiff is the proper party in interest on the loan agreement and mortgage.

### E. Implied Covenant of Good Faith and Fair Dealing

Defendant's second argument is that Plaintiff is not entitled to either a judgment on the defaulted loan agreement or foreclosure on the mortgage because Plaintiff violated the implied covenant of good faith and fair dealing by refusing to extend additional funds to Plaintiff to market the apartment units, and also by failing to pay property insurance premiums for a limited period of time.

Under New Jersey law, "[i]n every contract there is an implied covenant that neither party shall do anything which will

12

have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; which means that in every contract there exists an implied covenant of good faith and fair dealing." Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 421 (1997) (internal citations omitted).  In general, New Jersey courts have interpreted this duty to mean that when contracts authorize one party to exercise discretion with regard to the contract, that the discretion should be exercised in good faith.  Wilson v. Amerada Hess Corp., 168 N.J. 236, 246 (2001) (discussing Steven J. Burton, "Breach of Contract and the Common Law Duty to Perform in Good Faith", 94 Harv. L. Rev. 369 (1980)). However, "the implied covenant of good faith and fair dealing cannot override an express term in a contract . . . ."  Id. at 244.

    Defendant first argues that Plaintiff breached the duty of good faith and fair dealing by refusing to advance Defendant additional funds from an "interest reserve account" to help pay for marketing needs of the Rivercore Apartments.  Specifically, Defendant argues that Defendant requested approximately $200,000 in funds to market the units but Plaintiff refused the request without a reasonable justification.  However, Plaintiff points out that pursuant to § 2.10 of the loan agreement, Plaintiff had discretion only to use the funds in the "interest reserve account" to pay interest, not for other projects such as

13

marketing requested by Defendant. Poskus Aff. Ex. A at § 2.10. Thus, because the Plaintiff had no discretion to grant Defendant's request, it was not a breach of the duty of good faith and fair dealing to deny the request.

Defendant also argues that Plaintiff breached the duty of good faith and fair dealing by failing to pay premiums on the property insurance from an escrow fund, which Defendant claims Plaintiff was obligated to do, and which Defendant claims led to a lapse in property insurance for a period of three days. However, Defendant does not point to any way that this failure to pay premiums led to or contributed to Defendant's default on the loan, or in any other way "injur[ed] the right of the [Defendant] to receive the fruits of the contract." Sons of Thunder at 421. Thus, the Court concludes that Defendant does not point to a dispute of fact that would permit a factfinder to reasonably conclude that Plaintiff breached the implied duty of good faith and fair dealing as to either the mortgage agreement or the loan agreement.

**IV.   CONCLUSION**

For the reasons stated above, the Court concludes that Plaintiff has demonstrated that no dispute of fact exists in the record before it contesting Plaintiff's right to a judgment of foreclosure and to recover the amounts owing on the loan

agreement.  Consequently, the Court will grant Plaintiff's motion for summary judgment in this action as to Counts I through III of the Amended Complaint.  The accompanying Order will be entered.

**October 11, 2011**           **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                        United States District Judge